In the companion case the judgment of the lower court was affirmed. Case supra. It follows that the judgment in the instant case must be and is affirmed upon authority of and in accordance with the decisions of this court and the Supreme Court, 234 Ala. 31, 173 So. 402, in the case above referred to.

Affirmed.

174 So. 317

### WUNDERLICH v. SOUTHERN CONST. CO.

#### 6 Div. 46.

Court of Appeals of Alabama.

March 23, 1937.

Rehearing Denied April 20, 1937.

Rosenthal & Rosenthal, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellant.

Taylor & Higgins and Chas. E. Hawkins, Jr., all of Birmingham, for appellee.

RICE, Judge.

Appellee brought suit against appellant to recover money alleged to be due for the rent of a pump—the complaint consisting of but two counts, both being what are usually denominated the "common counts." General·demurrers being filed and overruled, defendant (appellant), to use the language in one of the briefs, here, "plead in short by consent."

There was verdict (and judgment) for plaintiff (appellee) for the sum of $615.25.

Appellant's learned counsel say in their brief: "We take the position * * *, in the first place, that (the) action of the trial court in refusing to give the general affirmative charge in writing as requested by defendant should be conclusive on review of this cause on this appeal." Well, we agree.

There were a great many exceptions reserved during the trial below; and an unusually large number of assignments of error are on the transcript filed here.

Distinguished counsel on both sides of the case have made much comment—critical comment—on the way and manner in which the brief(s) of their adversaries has(have) been constructed. We shall not enter upon the controversy. It appears that all parties are familiar, at least, with the rules that obtain.

As we view the situation, the decisive question on this appeal is as to whether or not it was error for the trial court to refuse to give the jury at appellant's request the general affirmative charge to find in his favor. That question is properly presented for our consideration.

Essentially, for the purposes of the decision we shall make, it may be stated that the evidence shows that one Austin, representing himself to be the agent of appellant, and acting for appellant, rented the pump in question from appellee; that, later, appellee called appellant's office, in the city of Birmingham, over the telephone (said office being listed in the telephone directory) and asked to "speak to the man in charge of the office"; that a Mr. Lee, who worked regularly in said office—being left there much of the time, by appellant, alone —though as appellant contends not "in charge"—responded to this call, and discussed the matter of the rental for this pump with appellee's president; that Mr. Lee, after discussing the "rate of rental," which seemed to vary, according to the length of time said pump was used by appellant (or any other, renting same), remonstrated that the "price was too high," but stated that he would "take it up with the home office"; that afer a second or third "call," as aforesaid, to the office of appellant, appellee sent one or two "statements" of the amount due from appellant to appellee to the appellant; that a letter or so was written by appellee to appellant demanding settlement of the account due from appellant to appellee for the rental of said pump; that neither appellant, nor any agent of his ever responded to said letters, or disputed said account as rendered, or denied the authority of Austin to rent said pump for appellant.

The evidence further shows that Austin was brought and introduced to appellee's president (at the time of renting said pump) by the manager of a large machinery supply concern, well known to appellee, from which Austin had, theretofore, been purchasing, and did, at about and immediately after, said time, continue to purchase, for appellant, various considerable articles of merchandise—all of which were paid for by appellant, upon being billed for same, without question.

There may be, and perhaps are, some other circumstances shown by the evidence from which the jury might have inferred Austin's authority to act, as he purported to act, for appellant, in renting said pump. But we are persuaded, and hold, that, upon the tendencies shown by the evidence we have above outlined, the question of whether or not Austin was appellant's duly authorized agent in renting said pump, or whether or not appellant ratified his said act, could only be decided by the jury.

True, appellant, through his general superintendent, categorically denied—upon the trial, for the first time—that Austin was in any manner whatsoever his agent. But there stand the undisputed facts—as shown by the testimony we have mentioned.

So. far as we are able to see, the great number of "propositions of law" set out by appellant's industrious counsel in their brief filed here are each and all unquestioned. But, under the testimony, as we read it, they do not apply.

Of course, if Austin was an independent contractor in the premises, appellant would not be liable for the account sued for. And, of course, if there were no other circumstances tending to show Austin's agency for appellant than Austin's bare statement, this would be totally insufficient.

There is no other question presented for our consideration which should—or, rather, the answer to which should—cause the judgment to be reversed.

And it is, accordingly, affirmed.

Affirmed.